Per Curiam.

If the defendant relies upon partnership transactions as a defence to an action at law, his course obviously is to go into a Court of Equity, which alone has the power to investigate accounts between partners, and to do justice between them. This suit might be restrained by an injunction out of Chancery upon a bill which the defendant has the power of filing. If he wishes to have an investigation of the accounts between himself and his deceased partner, he has merely to apply to the tribunal which has jurisdiction over the subject matter to be examined. But how can this court ascertain in an action at law, upon which side liesthe balance of the accounts 1 Are they to be investigated by a jury at the trial, and can they examine the transactions of *394 ye are perhaps, and measure out justice in an intelligent and impartial manner, upon matters which may require an appeal to the consciences of the parties, as .well as to the ordinary proofs furnished in a trial at law 1 It is obvious that the defendant has mistaken the proper mode of defending himself and has sought to !nvestigate matters before a tribunal which cannot take proper cognizance of them. His plea, therefore, cannot be sustained, and as the first fault inpleading is his, the plaintiffs must have judgment upon the de-murrer.

Judgment for the plaintiffs on the demurrer.

[D. D. Field, Att’y for the plffs. A. G. Rogers, Att’y for the deft.]